CARLTON, J., CONCURRING IN PART AND DISSENTING IN PART:
 

 ¶ 65. I respectfully concur in part and dissent in part from the majority's opinion. I concur with the majority in affirming O'Kelly's conviction for trafficking in a controlled substance. I dissent from the majority's finding that the evidence is insufficient to establish depraved-heart murder. The majority finds that the sufficiency and weight of the evidence fail to support O'Kelly's conviction for depraved-heart murder or the lesser-included offense of culpable-negligence manslaughter, and the majority reverses and renders a judgment of acquittal on that count. Because I submit that the evidence presented at trial sufficiently supports O'Kelly's conviction for depraved-heart murder, then, in keeping in mind our standard of review, I would affirm O'Kelly's conviction and sentence.
 
 See
 

 Gary v. State
 
 ,
 
 237 So.3d 140
 
 , 147-48 (¶¶ 35, 38) (Miss. 2018).
 
 [9]
 

 ¶ 66. The Mississippi Supreme Court has recognized a broad interpretation of depraved-heart murder.
 
 Clayton v. State
 
 ,
 
 652 So.2d 720
 
 , 726 (Miss. 1995) (citing
 
 Mallett v. State
 
 ,
 
 606 So.2d 1092
 
 (Miss. 1992) and
 
 Windham v. State
 
 ,
 
 602 So.2d 798
 
 (Miss. 1992) ). Additionally, depraved-heart murder is defined by Mississippi Code Annotated section 97-3-19(1)(b) (Rev. 2014) as the following:
 

 (1) The killing of a human being without the authority of law by any means or in any manner shall be murder ...
 

 ....
 

 (b) [w]hen done in the commission of an act eminently dangerous to others and evincing a depraved heart, regardless of human life, although without any premeditated design to effect the death of any particular individual....
 

 ¶ 67. The record reflects that the State presented sufficient evidence as to the essential elements of depraved-heart murder. The supreme court has described conduct evincing a depraved heart as "grave recklessness manifesting utter disregard
 or indifference to the resultant creation of eminent danger to ... [human] life."
 
 Windham
 
 ,
 
 602 So.2d at 802
 
 . As stated in the plain language of the statute, no premeditated design to effect the death of any particular individual is required. In viewing the evidence in the light most favorable to the State, the record shows that rational jurors could have found the State proved each element of the crime.
 

 "When reviewing the sufficiency of the evidence, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."
 
 Id.
 
 at 147 (¶ 35) (internal quotation mark omitted). When reviewing the weight of the evidence, "we weigh the evidence in the light most favorable to the verdict, only disturbing a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice."
 
 Id.
 
 at 147-48 (¶ 38) (internal quotation mark omitted).